

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# Mark Bonanno v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1709

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Mark Bonanno v. Comm Social Security" (2009). *2009 Decisions.* Paper 2034.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2034

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-1709

———

MARK BONANNO,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-02744)
District Judge: Hon. Susan D. Wigenton

———

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2009

Before: SLOVITER and BARRY, Circuit Judges,
and POLLAK[*], District Judge

(Filed: January 14, 2009)

———

OPINION

———

[*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, Circuit Judge.

Appellant Mark Bonanno appeals the order of the United States District Court affirming the Commissioner's denial of his claim for Supplemental Security Income ("SSI"). The Commissioner found that although Bonanno was unable to return to his past relevant work, he was able to perform other work that exists in the national economy. We will affirm.

## I.

Because the parties are familiar with the facts and the record, we need not discuss them in detail. Bonanno was forty-four years old when he filed his SSI application, and he thus qualified as a "younger individual ages 18-44" until July 28, 2005; he now falls within the "younger individual ages 45-49" class for purposes of the Medical-Vocational Guidelines. Tr. at 16; 20 C.F.R. pt. 404, subpart P, app. 2. He has a high school education and worked as a car service driver from 1999 until December 2003, when his employer went out of business. Bonanno applied for SSI benefits in November 2004, claiming that his heart condition causes him to be so weak and fatigued that he cannot work.

His cardiologist, Dr. Domenic Mariano, submitted a report dated December 2004 stating that Bonanno's heart had an ejection fraction of fifteen to twenty percent, and that he was limited in lifting and carrying and pulling, but not limited in standing, walking or sitting. He also reported that Bonanno did not have chest discomfort. In March 2006, Dr.

2

Mariano estimated that Bonanno would be disabled due to his heart condition for at least twelve months.

Dr. Michael Pollack, the government's consulting cardiologist, examined Bonanno and reported that Bonanno's heart exhibited "regular rate and rhythm" and that his heart and lungs were clear of numerous other abnormalities. Tr. at 131. Dr. Pollack also reported that Bonanno's coordination was intact and that he had full range of motion.

At his ALJ hearing on July 18, 2006, Bonanno testified that he suffered from constant fatigue, stress, shortness of breath, nosebleed, daily headaches, lack of appetite, diarrhea and frequent urination. He testified that he could sit for about an hour before he gets "crampy" and his legs "fall asleep," Tr. at 185, but admitted that he was able to drive about two miles to his parents' home, shop, cook, watch television, and play on the computer.

After the hearing, Dr. Mariano reported that although Bonanno's ejection fraction increased from ten percent to thirty percent, Bonanno could lift and carry less than ten pounds, could stand and/or walk "at least 2 hours" and sit "less than 6 hours." Tr. at 155-56. He nonetheless concluded that Bonanno was "severely debilitated." Tr. at 154.

The ALJ, after proceeding along the required five-step sequential analysis, see 20 C.F.R. § 416.920(a), concluded that: (1) Bonanno has not engaged in substantial gainful activity since May 6, 2004; (2) Bonanno has severe impairments, including cardiomyopathy, congestive heart failure, obesity, and hypertension; (3) Bonanno "does

3

not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 C.F.R. Part 404 Subpart P Appendix 1;" (4) Bonanno "has the residual functional capacity to perform work involving lifting and carrying objects weighing up to ten pounds; sitting up to six hours, and standing and walking up to two hours in an eight-hour day; and the full range of sedentary work;" but "is unable to perform any past relevant work;" and (5) "[c]onsidering [Bonanno's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [he] can perform." Thus, the ALJ concluded that Bonanno is not under a "disability" as defined by the Act. Tr. at 13-17.

The Appeal Council denied Bonanno's request for review of the ALJ decision, and the District Court affirmed the Commissioner's decision to deny benefits.

## II.

We review the Commissioner's factual findings to determine if they were based on substantial evidence. 42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).[1]

## III.

The ALJ's findings at step one and two are not disputed. However, Bonanno challenges the ALJ's finding at step three that his impairment does not meet or equal a

---

[1]  The District Court had jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291.

4

listed impairment. The ALJ found that Bonanno's impairment "does not 'very seriously limit the ability to independently initiate, sustain, or complete activities of daily living.'" Tr. at 13 (quoting 20 C.F.R. pt. 404, subpart P, app. 1, listing 4.02.B.1).

Bonanno insists that the ALJ should have consulted a medical expert prior to finding that his impairments did not meet the listed impairments. The relevant regulation provides that the ALJ "may," but is not required to, consult medical experts. 20 C.F.R. 416.927(f)(2)(iii). Social Security Administration policy directs the ALJ to obtain an updated medical opinion "when additional medical evidence is received that in the opinion of the [ALJ] . . . may change the State agency medical . . . consultant's findings." Soc. Sec. R. 96-6p (1996) (emphasis added).

Bonanno alleges that the ALJ ignored relevant medical evidence and made his own medical judgment. The ALJ may not reject pertinent or probative evidence without an explanation. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008). Although the treating physician's opinion is generally given controlling weight, that opinion is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). The ALJ is required to choose between medical evidence that is conflicting. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).

The ALJ determined that Dr. Mariano's opinion did not warrant controlling weight

5

because it was undermined by other medical evidence indicating that Bonanno's condition improved within a short period of time after treatment. In order to qualify for SSI, the applicant's impairment must be expected to last for a period of "not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An echocardiogram performed on October 28, 2004, revealed that Bonanno's "pulmonary artery pressure [was] severely elevated" and "[his] ejection fraction was 15% to 20%." Tr. at 111. On February 22, 2005, a catheterization performed showed an improved ejection fraction of thirty percent, that his arteries were "free of disease," and that he had "normal coronaries" and "good ventricular function." Tr. at 148. Moreover, in August 2006, Bonanno's ejection fraction remained at thirty percent. Thus, the ALJ's finding that Dr. Mariano's prognosis was incompatible with Bonanno's rapid improvement was based on substantial evidence, and the ALJ correctly concluded at step three that Bonanno's impairments did not meet or equal a listed impairment.

Furthermore, the ALJ found that Dr. Mariano's assessment was inconsistent with Bonanno's own "testimony that he is able to perform activities on a daily basis which are at least equal to a sedentary level of work activity." Tr. at 16. Hence, the record provides substantial evidence to support the ALJ's finding that Bonanno was able to perform sedentary work, notwithstanding his obesity, moderate shortness of breath, and fatigue.

Bonanno asserts that it was a legal error for the ALJ to rely exclusively on the medical vocational guidelines. The Commissioner is precluded from relying solely on the

guidelines only if the claimant has <u>both</u> exertional and non-exertional impairments. <u>Sykes v. Apfel</u>, 228 F.3d 259, 266-67 (3d Cir. 2000). However, the ALJ found no non-exertional impairment. Here, the reports of Drs. Mariano and Pollack support the ALJ's finding that Bonanno had no non-exertional limitations and, therefore, the ALJ properly relied on the guidelines.

## IV.

For the above-stated reasons, we will affirm.